IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UGI SUNBURY LLC, | : | Case No. 3:16-CV-00791 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| A PERMANENT EASEMENT FOR | : | |
| 0.1073 ACRES IN MONROE | : | |
| TOWNSHIP, SNYDER COUNTY, | : | |
| PENNSYLVANIA TAX PARCEL | : | |
| NO. 12-08-017 | : | |
| | : | |
| LORRAINE BLETT | : | |
| 266 Stetler Avenue | : | |
| Selinsgrove, PA 17870 | : | |
| | : | |
| RALPH L. BLETT, JR. | : | |
| 266 Stetler Avenue | : | |
| Selinsgrove, PA 17870 | : | |
| | : | |
| FIRST NATIONAL BANK OF | : | |
| PENNSYLVANIA | : | |
| 2 South Market Street | : | |
| Selinsgrove, PA 17870 | : | |
| | : | |
| AND ALL UNKNOWN OWNERS | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

December 7, 2016

1

Before the Court for disposition is Defendants Ralph L. and Lorraine Blett's ("Defendants") Motion for a Protective Order. For the following reasons, this Motion will be denied.

## I.  BACKGROUND

On May 9, 2016, Plaintiff UGI Sunbury LLC ("Plaintiff") initiated the current action by filing a Complaint in this Court seeking the condemnation of a tract of land owned by Defendants which was needed to construct the Sunbury Pipeline Project. Following the filing of an Answer by Defendants, Plaintiff moved for (1) a Preliminary Injunction, (2) Partial Summary Judgment, and (3) a Hearing concerning both pending Motions. In a Memorandum Opinion and Order issued on August 2, 2016, I granted Plaintiff's Motions for Preliminary Injunction and for Partial Summary Judgment. In so doing, I held that Plaintiff has a substantive right to condemnation and was in immediate possession of the rights of way sought through the action. Plaintiff was then directed to post a surety bond with the Clerk of Court pending the determination of just compensation for the condemned land.

Following the filing of a Joint Case Management Plan by the parties, the Court held an Initial Case Management Conference on October 27, 2016. In this conference, the Court set numerous litigation deadlines later memorialized in a Case Management Order of that same date. Defendants had previously moved for

the imposition of a protective order barring the deposition of Defendant wife/property owner. The parties have briefed the issue, and, in the absence of a Reply Brief by Defendants, the Motion became ripe on November 26, 2016.

## II. DISCUSSION
### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Although all relevant material is discoverable unless an applicable evidentiary privilege is asserted, Federal Rule of Civil Procedure 26(c) establishes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . "[2] The burden of showing "good cause" rests with the party seeking the protective order.[3] The moving party must show with specificity that "disclosure will work a clearly defined and serious injury to the party."[4] "Good cause" cannot simply rest on "[b]road allegations of

---

[1] Fed.R.Civ.P. 26(b)(1).

[2] Fed.R.Civ.P. 26(c).

[3] Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986).

[4] Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994) (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

harm, unsubstantiated by specific examples or articulated reasoning."[5]

Furthermore, even when the moving party has met its burden for a protective order, such an order "must be narrowly drawn as to not constitute an abuse of discretion."[6]

Within the United States Court of Appeals for the Third Circuit, seven factors have been recognized in evaluating where "good cause" exists:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.[7]

The District Court is best positioned to decide which factors are relevant to the dispute at issue, and thus to "prevent both the overly broad use of [confidentiality] orders and the unnecessary denial of confidentiality for information that deserves it."[8]

---

[5] Cipollone, 785 F.2d at 1121.

[6] Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F.Supp. 866, 892 (E.D.Pa. 1981).

[7] Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787–91).

[8] Pansy, 23 F.3d at 789.

## B. Analysis

In the instant matter, Defendants seek a protective order barring the deposition of Lorraine Blett. They specifically argue that, based on the depositions of Ralph and Rusella Moerschbacher in a related civil action,[9] the deposition would be both duplicative, and employed to annoy, embarrass, and otherwise seek privileged information from Mrs. Blett. Following a review of the Moerschbacher depositions and the parties' briefing, I find that Defendants have not shown "good cause" justifying the imposition of a protective order. I will therefore deny the instant Motion.

Federal Rule of Civil Procedure 30(a)(1) stipulates that "[a] party may, by oral questions, depose any person, including a party, without leave of court." Although the reach of this rule may nevertheless be avoided by attaining a protective order, a party seeking such an order "bears a heavy burden" in showing "good cause."[10] It is therefore "rare for a court to issue a protective order that prohibits a deposition."[11] In the instant matter, Defendants argue that they have met this "heavy burden" and have shown that "good cause" exists justifying the issuance of such an order. I disagree.

---

[9] Docket No. 3:16-CV-00789.

[10] United States v. Mariani, 178 F.R.D. 447, 448 (M.D.Pa. 1998)(Vanaskie, J.).

[11] Id.

First, Defendants argue that depositions of both Mr. and Mrs. Blett would be duplicative and thus would cause undue burden or expense. I am unpersuaded by this argument. Specifically, I find that the representation of Defendants' counsel that he will only use Mr. Blett's testimony at trial does not foreclose Plaintiff's right to depose Mrs. Blett, nor does it promote the finding of good cause. Furthermore, to the extent Defendants argue that Mrs. Blett's testimony will be duplicative or without value due to her supposed lack of knowledge, the Court holds that Plaintiff is entitled through deposition to ascertain for itself the extent of Mrs. Blett's knowledge.[12] While the deposition of Russella Moerschbacher does not appear to have uncovered information independent of that previously unearthed during her husband's deposition, there is no reason to think this symmetrical knowledge of information would apply to all married persons. The Court would therefore be remiss to assume the general applicability of this proposition, as advanced by Defendants.

Defendants further argue that good cause exists for the imposition of a protective order because the deposition of Mrs. Blett would cause annoyance, embarrassment, and seek otherwise privileged information. To support this argument, Defendants again cite the deposition of Russella Moerschbacher in the related civil case. As previously noted, I have reviewed the deposition of Mrs.

---

[12] See, e.g., Malat v. Potak, Civil Action No. 79-3138, 1999 WL 395119 at *1 (E.D.Pa. May 21, 1999).

Moerschbacher together with that of her husband.  I find this citation unpersuasive as to the conclusion that the deposition would unduly annoy or embarrass Mrs. Blett.  Defendants' reliance on mere conclusory allegations within their briefing fails to alter this conclusion.  "Good cause," as previously noted, cannot simply rest on broad allegations of harm, but rather must be supported by specific reasoning or examples.[13]  Defendants' lack of specificity concerning the causes of annoyance or embarrassment is therefore fatal to their entitlement to relief.

    Finally, I am unconvinced that Plaintiff is seeking privileged information through the deposition of Mrs. Blett.  While the questioning of Russella Moerschbacher at times implicated privileged information, her counsel, Mr. Faherty, rightly objected and the deposition was re-oriented to relevant[14] issues of (1) property use, (2) Defendants' affirmative defenses to Plaintiff's condemnation action, and (3) just compensation.  There is no indication that privileged information was revealed, and counsel for both parties amicably resolved many disputes.  I am confident that they can do this again.  It is therefore my conclusion that the mere potential that questioning within a deposition may compel an

---

[13] Cipollone, 785 F.2d at 1121.

[14] Fed. R. Civ. P. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) that fact is of consequence in determining the action.").

evidentiary objection does not justify the imposition of an outright bar on the deposition.[15]

### III. CONCLUSION

Based on the above reasoning, Defendants Ralph L. and Lorraine Blett's Motion for Protective Order is denied.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[15] Musko v. McCandless, Civil Action No. 94-3938, 1995 WL 580275 at *1 (E.D.Pa. Sept. 29, 1995) (denying a motion for a protective order where "an oral deposition could pose some difficulty in this case, in light of the attorney-client privilege.").